# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and among H.E.H. Paving, Inc. ("H.E.H."), Herbert Williams ("Williams"), Hobson Milner ("H. Milner"), Tarik Milner ("T. Milner") (H.E.H., Williams, H. Milner, and T. Milner, collectively the "Defendants"), and Fred Blash ("Blash") (Defendants and Blash, collectively the "Parties"), effective as of January __, 2018 (the "Effective Date").

WHEREAS, on July 11, 2017, Blash filed a lawsuit against Defendants alleging violation of the Fair Labor Standards Act ("FLSA") in the United States District Court for the Northern District of Georgia, Atlanta Division (the "District Court"), Case No. 1:17-cv-02605-LMM (the "Lawsuit");

WHEREAS, Defendants deny any and all wrongdoing and liability to Blash whatsoever, and have denied and continue to deny each and all of the claims asserted by Blash in the Lawsuit; and

WHEREAS, the Parties desire to immediately, fully, and finally compromise and settle the Lawsuit.

NOW, THEREFORE, in consideration of the foregoing, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree:

1. **Consideration.** In consideration for signing this Agreement and provided that Blash satisfies the conditions of this Agreement:

 a. H.E.H. agrees to pay to Blash Five Thousand One Hundred Seventy Dollars and Fourteen Cents ($5,170.14) (the "Settlement Amount") within five (5) business days after the later of: (i) H.E.H.'s receipt of a copy of this Agreement signed by Blash, and (ii) the date on which the District Court dismisses the Lawsuit with prejudice; provided, however, that if the District Court dismisses the Lawsuit with prejudice prior to January 8, 2018, H.E.H. agrees to pay Blash the Settlement Amount by January 15, 2018.

 The Settlement Amount shall be allocated as follows: (1) Two Thousand Five Hundred Eighty-Five Dollars and Seven Cents ($2,585.07), minus all legally required withholdings based on the Form W-4 on file with H.E.H., including taxes and Social Security, shall be paid to Blash as back wages. H.E.H. will issue an IRS Form W-2 to Blash for this wage portion of the payment, and (2) Two Thousand Five Hundred Eighty-Five Dollars and Seven Cents ($2,585.07) shall be paid to Blash as liquidated damages and other consideration. No withholding or tax deductions will occur with regard to this payment. Defendants will issue an IRS Form 1099 to Blash for this non-wages portion of the payment categorizing this amount as "box 3" other income. Time is of the essence with regard to the payments in this paragraph.

1

b. <u>Attorneys' Fees</u>. H.E.H. agrees to pay Cohan Law Group, LLC ("Cohan Law") Four Thousand One Hundred Thirteen Dollars and Forty-Two Cents ($4,113.42) for attorney's fees and costs within five (5) business days after the later of: (1) H.E.H.'s receipt of a copy of this Agreement signed by Blash, and (2) the date on which the District Court dismisses the Lawsuit with prejudice; provided, however, that (1) in exchange for the Attorneys' Fees Payment, Blash releases Defendants from payment of any and all claims for attorneys' fees, costs, and expenses, and Blash agrees that claims to attorneys' fees or costs against Defendants are fully and finally resolved by the terms set forth in this Agreement; and (2) if the District Court dismisses the Lawsuit with prejudice prior to January 8, 2018, H.E.H. agrees to pay Cohan Law the Attorneys' Fees Payment by January 15, 2018. An IRS form 1099 will be issued to Cohan Law for the Attorneys' Fees Payment. Time is of the essence with regard to the payments in this paragraph.

Defendants shall deliver the foregoing payments so that they are actually received in the offices of Cohan Law on or before the due dates.

2. **Mutual Release of Claims.** In exchange for the consideration set forth above, Blash releases and discharges Defendants from any and all claims or liability, whether known or unknown, arising out of any event, act or omission occurring on or before the day Blash signs this Agreement, including, but not limited to, claims arising out of Blash's employment or the cessation of Blash's employment, claims arising out of any offer of employment, claims arising out of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461, claims for breach of contract, tort, negligent hiring, negligent training, negligent supervision, negligent retention, employment discrimination, retaliation, or harassment, as well as any other statutory or common law claims, at law or in equity, recognized under any federal, state, or local law, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended. Blash also releases any claims for unpaid back pay, sick pay, vacation pay, disparities in pay, expenses, bonuses, claims to commissions, attorneys' fees, or any other compensation whatsoever. Blash agrees that he is not entitled to any additional payment or benefits from H.E.H. whatsoever, except as set forth in this Agreement. Blash further agrees that he has suffered no work-related injury or illness. Blash acknowledges and represents that he has been fully paid (including, but not limited to, any overtime to which Blash is entitled, if any) for hours Blash worked for H.E.H.

As a result of the foregoing release, Blash agrees that neither Blash nor any agent acting on Blash's behalf shall commence any complaint, lawsuit, or proceeding against Defendants in any court on the basis of any claims within the scope of this release. Blash further understands and agrees that this release includes all claims, including attorneys' fees, that Blash ever had, now has, or may have on the day Blash signs this Agreement, whether or not the claim was previously asserted or brought before any other federal or state court or governmental agency.

In addition, Defendants, and any person or entity claiming by, through, or under them, release and discharge Blash from any and all claims or liability, whether known or

unknown, arising out of any event, act or omission occurring on or before the day Blash signs this Agreement.

3. **Governing Law**. The laws of the State of Georgia shall govern this Agreement. If Georgia's conflict of law rules would apply another state's laws, the Parties agree that Georgia law shall still govern.

4. **Consent to Jurisdiction and Venue**. The Parties agree that any and all claims arising out of or relating to this Agreement shall be (i) brought in the Superior Court of Fulton County, Georgia, or (ii) brought in or removed to the United States District Court for the Northern District of Georgia, Atlanta Division. The Parties consent to the personal jurisdiction of the court identified above for such claims.

5. **No Admission of Liability.** This Agreement is not an admission of liability by Defendants. Defendants deny any liability whatsoever.

6. **Amendment.** This Agreement may not be amended or modified except in writing signed by the Parties.

7. **Entire Agreement**. This Agreement constitutes the entire agreement between the Parties. This Agreement supersedes any prior communications, agreements, or understandings, whether oral or written, between the Parties arising out of or relating to the Lawsuit. Other than the terms of this Agreement, no other representation, promise, or agreement has been made with Blash to cause Blash to sign this Agreement.

8. **Voluntary Agreement**. Blash acknowledges the validity of this Agreement and represents that Blash has the legal capacity to enter into this Agreement. Blash acknowledges and agrees that Blash has carefully read the Agreement, knows and understands the terms and conditions, including its final and binding effect, and signs it voluntarily.

9. **Motion for Approval.** By the end of the next business day following receipt of this Agreement executed by Blash, Defendants will cause their counsel to file a Motion For Approval in the form of Exhibit "1," attached and to submit a proposed Order in the form of Exhibit "2," attached. Time is of the essence with regard to the terms in this paragraph.

10. **Execution**. This Agreement may be counter-signed. Signatures may be delivered electronically and copies shall be treated as originals.

[SIGNATURES ON THE FOLLOWING PAGE]

3

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the Effective Date.

**Fred Blash**

*Fred Blash*

Date: 1-8-18

**H.E.H. Paving, Inc.**

By: _____

Its: _____

Date: _____

**Herbert Williams**

_____

Date: _____

**Hobson Milner**

_____

Date: _____

**Tarik Milner**

_____

Date: _____

11334369

4